Thurman, C. J.
A surety against whom judgment has been rendered, may, without making payment himself, proceed, in equity, against his principal, to subject the estate of the latter to the payment of the debt. Stump v. Rogers, 1 Ohio, 533; Horsey v. Heath *601 et al., 5 Ib. 355; McConnel v. Scott, 15 Ib. 401; Wright v Simpson, 6 Ves. 734; Tankersly v. Anderson, 4 Dess. 47; Swan’s Stat. (old ed.) 878, sec. 5.
In a suit thus brought, by a surety against the manager and members of a firm, for whom he had become bound as surety for a partnership debt, which suit was defended upon the ground that the manager had contracted the debt upon his own account alone, and not for the firm, and that the firm was not bound therefor; the manager, prior to the acts to improve the law of evidence (2 *Curw. 1522, 1597), was not a competent witness for the complainant to establish the liability of the firm. It was his interest to charge the firm with the debt, and thereby procure a decree that the firm should pay it and save him harmless. And such a decree could be rendered in such suit, and would be conclusive as between the manager and the firm. Marshall v. Thrailkill’s Adm’r, 12 Ohio, 275; Dougherty v. Walters, 1 Ohio St. 201.
Eor the same reasons, one of the partners, after the dissolution of the firm, was not a competent witness for the complainant in such suit, to establish the liability of a copartner who had assumed the partnership debts, as he thereby, as between himsolf and co-partner, shifted the entire responsibility upon the latter, or, at least, brought him in to share it.
It was an error, therefore, to admit the testimony of such witnesses, taken before the passage of said acts; and the other testimony not being sufficient to sustain the decree, it must be reversed, notwithstanding such witnesses are now competent in this case, under the provisions of said acts.
The provisions of the code do not apply to suits pending when it took effect, nor to proceedings to reverse decrees in chancery. They are to be prosecuted and defended as if the code had not been adopted (sees. 533, 602). It follows, that the acts aforesaid, though repealed as to other suits, are yet in force as to suits pending when the code took effect, and to bills of review. And where a decree was rendered before the code took effect, but reversed afterward, and the original cause reinstated for further proceedings, it is to be deemed a suit pending when the code took effect, within the meaning of the above provisions.

Decree reversed and cause remanded for further proceedings.